Chief Justice Robertson
delivered the Opinion of the Court.
The plaintiff in error enjoined a replevin bond which he, as principal,with others as his sureties, had executed, in 1821, for a debt contracted in or about the year 1818. His bill alleges that,, for an inconsiderable consideration, the defendant (Helm) had agreed to accept the nominal amount of the bond in notes of the Banli of the Commonwealth, which were afterwards tendered to him, but refused ; and that a partial payment had been made in specie* for which a credit is sought equivalent to the amount in Commonwealth paper of the money so paid ; that execution had issued for the amount of the replevin bond ; and that, therefore, the plaintiff is entitled to an injunction, and a specific execution of the agreement to take depreciated paper, by compelling the defendant to accept, for the residue of the bond, after deducting the payment, the money value of Commonwealth paper, at the date of -the alleged tender, or by rendering such other decree as should be deemed most equitable.
The answers resist the relief sought by the bill, and require proof of its essential allegations.
The decree of the circuit court perpetuated the injunction, for three hundred, forty one dollars forty three cents — the paper value of two hundred seventy three dollars eighteen cents, when the latter sum was paid ; and for one hundred eighty seven dollars fifty cents — ■ the paper value of one hundred and fifty dollars, when that sum was" paid: (each sum to be credited as at the time when paid to Charles A. Wicldiffe, under a decree rendered in his favor on a bill filed by him, as a creditor of the defendant, for attaching so much of the debt due by the plaintiff to the defendant;) and dissolved the injunction for the residue, with damages and costs, requir *339 ing the defendant, however, to take Commonwealth paper for the amount remaining due.
if a case be af-ver^thir^but the cost, stüi.if thl^ the plain-tiffin this court recoverscostB'
That decree is now brought up, for revision, by this writ of error : and the plaintiff in error complains — first, * 1 ^ that he was not exonerated by being allowed to pay the money value of Commonwealth paper at the time of the alleged tender; second, that, if he pay in appreciated paper, he should not have been required to pay interest; third, that interest should not be charged on the amount paid Wickliffe, from the filing of his bill, or at the utmost, from the date of his decree, and, fourth, that the decree for costs is erroneous.
These grounds will be briefly noticed in their numerical order.
First. The alleged tender has not been proved; and therefore, the plaintiff has no just cause for objecting to the payment of Commonwealth paper.
Second. As the plaintiff should do equity, as a condition of relief; and, as he has withheld the Commonwealth paper, he should pay interest; for, otherwise, it would not be just to compel the defendants to take depreciated paper for a specie debt, unless the paper had been tendered at a proper time, and had been refused.
Third. The plaintiff was not actually enjoined by Wiclc-liffe ; nor did he deposite the money in court; nor has he shewn, or even alleged, that he was prevented from making ordinary use of it. * Wherefore the pendency of Wickliffe’s suit should not exonerate the plaintiff from interest. Nor is he entitled to a credit for more than the value of what he paid to Wickliffe, estimated, not at the date of the decree, but at the time of the payment.
Fourth. But, as the plaintiff obtained some relief, and the r’ecord undeniably shews, that his bill was necessary for that purpose ; we are clearly of the opinion, that he; and not the defendant, was entitled to a decree for costs.
For the last reason alone, the decree cannot be affirmed.
Wherefore, it is decreed by this court, that the decree for costs be reversed, and the cause remanded, with instructions to decree to the plaintiff in error, his costs in the court below ; and also, that the defendants pay to the plaintiff, his costs in this court.