362          KNAPP *et al. v.* MARSHALL *et al.*          [Sept. T.,

Syllabus.   Opinion of the Court.

# JAMES H. KNAPP, *Admr., et al.*

## *v.*

# JOHN A. MARSHALL *et al.*

1. INTEREST — *when chargeable against a trustee — where there are contesting claimants of the fund.* The first proceeds of an assignment made for the benefit of creditors were paid into the hands of a third person, to be by him applied in satisfaction of a certain preferred debt. Such person refused to pay the money to the holder of that debt, who was entitled to it, on being notified not to do so by a party who was security therefor, and to whom the debtor had given his notes prior to the assignment, in consideration of such securityship. An assignee of these notes thereupon filed a bill in chancery to compel the payment of the money to him, and the holder of the debt upon which the money ought to have been applied, filed his cross-bill, asserting his rights therein. After several years' delay it was agreed the money should be paid to the complainant in the cross-bill: *Held*, the party who thus retained the money in his hands during all this time, should be decreed to pay interest thereon to the party entitled to the money, at six per cent, from the time the latter filed his cross-bill. When the opposing claimants were in court asserting their respective claims, the party holding the disputed fund could have relieved himself from the charge of·interest by bringing the money into court to abide the event of the suit, which he did not do.

WRIT OF ERROR to the Circuit Court of Knox county ; the Hon. A. A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. TYLER & HIBBARD, for the plaintiffs in error.

Messrs. FROST & TUNNICLIFFE, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

On the 20th of February, 1858, Wisner & Taylor made an assignment to John A. Marshall, for the benefit of their cred-

itors.   They had previously become indebted to Sheppard &
Reeves, and Morse K. Taylor was surety for the debt, the pay-
ment of which was secured by a mortgage which had been
given to Sheppard and Reeves, which mortgage had been
assigned to Wilson G. Hunt & Co., who were then the owners
thereof.   To secure Morse K. Taylor, Wisner & Taylor gave
him their note immediately preceding their assignment, for the
amount of his contingent liability as such security, and, although
the note had no other consideration, it was made a preferred
debt in the assignment.   Before the assignment it was agreed
between Wisner & Taylor, Morse K. Taylor, A. L. Titsworth,
and Marshall, the assignee, that the first proceeds of the assign-
ment should be paid over by the latter to Titsworth, who should
receive the amount and pay over the same on the Sheppard
& Reeves mortgage at its maturity, which would be on the
12th day of November, 1858, and by its payment extinguish
the debt of Taylor & Wisner to Sheppard & Reeves, as
well as the contingent liability of Morse K. Taylor.   Tits-
worth also became security that the assignee would pay over
the amount received by him, and that it should be so applied.
The assignee soon collected a sufficient amount to extinguish
this debt, and paid it to Titsworth, but, on the first day of
December, 1858, Morse K. Taylor improperly assigned to Sarah
E. Currier the note given to him, and at the same time notified
the assignee and Titsworth not to pay over the money to
Sheppard & Reeves.   The note was not assigned until after
its maturity.   Titsworth, considering that the money should be
paid on the Sheppard & Reeves mortgage, refused to pay it over
to Sarah E. Currier, who thereupon filed a bill in chancery to
compel payment.   Subsequently, Hunt & Co., as assignees of
the Sheppard & Reeves mortgage, were made parties defend-
ant, and they also filed a cross-bill asking that payment be made
to them.   After several years delay the contending parties
finally agreed that the money should be paid to Hunt & Co.,
and a decree was entered to that effect.   They asked for inter-
est as against Titsworth, but the court refused to allow it, except

364      KNAPP *et al. v.* MARSHALL *et al.*     [Sept. T.,

Opinion of the Court.

from the 17th day of February to the 10th day of April, 1858, and this refusal of the court is now assigned for error, and is the only question presented on the record.

The money clearly, in equity, belonged to Wilson G. Hunt & Co., the assignees of the Sheppard & Reeves mortgage. Titsworth had received it to be paid over on that mortgage at its maturity.

He neglected to do so, and, although payment was demanded of him by Hunt & Co. before the filing of their cross-bill, he has held the money in his hands since the 10th day of April, 1858, when the last portion of it was received. For such delay in paying over trust money, Titsworth should clearly be charged with interest on it, unless the notification by Morse K. Taylor not to pay it over, and the claim and suit of Sarah E. Currier, afford a sufficient excuse for the retention of the money.

The Morse K. Taylor note having been assigned to Sarah E. Currier after its maturity, she stood in no better position with respect to it than Taylor himself. He had no concern with the money, or real interest in the note, further than, that the Sheppard & Reeves mortgage should be paid, the payment of which would have been a satisfaction of the note, and he had no right to divert the money from its application on that mortgage. That destination of the money, was given to it by Wisner & Taylor, at the time they made the assignment of their property to Marshall, under an agreement between them and Morse K. Taylor and Titsworth; and surely Morse K. Taylor alone, without the concurrence of Wisner & Taylor, could not change it.

The interference of Morse K. Taylor, with the disposition of this money, was unauthorized, and the claim of Sarah E. Currier to it, under the note assigned to her, was unfounded; and the facts of the case were within the personal knowledge of Titsworth.

A wrongful claim to money owing to another, or a wrongful suit brought for it, is no justification for withholding the money

from the person entitled to it; and we think that in this case, it should not excuse from the payment of interest, at least after the opposing claimants were in court, asserting their respective claims. Titsworth might then have exempted himself from the charge of interest, by bringing the money into court, and delivering it into the custody of the law. *Chase* v. *Munheardt,* 1 Bland Ch. 333; *Potter* v. *Gardner et al.,* 5 Pet. 718; *Curd* v. *Letcher,* 3 J. J. Marsh. 443; *Shackleford* v. *Helm et al.,* 1 Dana, 338.

From the time of the filing of the cross-bill of Hunt & Co., we think Titsworth should be charged with six per cent interest on the money received by him.

Less than this, as we conceive, would fail to do justice in this case, and would be holding out a temptation to withhold money which ought to be paid over to another, to stir up opposing claims, and protract controversies in respect to it, in order to enjoy its use in the meanwhile for private gain.

Marshall, the assignee, seems to have received sufficient to pay the principal and interest of the Morse K. Taylor note; he paid over to Titsworth only the principal of the note; whatever accrued interest there was on it at that time, he should be decreed to pay.

The decree is reversed, and the cause remanded for further proceedings, in conformity with this opinion.

*Decree reversed.*