SAMUEL M. HAINES, Trustee, *et al.*

*v.*

CHARLES E. HAY *et al.*

*Opinion filed November 8, 1897.*

1. COSTS—*when costs must be paid in accordance with terms of decree.* Where a decree providing for the payment of costs has been affirmed by the Appellate and the Supreme Courts the question of costs has been adjudicated, and they must be paid in accordance with the terms of the decree.

2. SAME—*trust fund should not be charged with costs of hostile unsuccessful litigation.* Upon affirmance of a decree directing an administrator to pay over to the complainants a fund held in trust by his intestate during his lifetime, the costs of the litigation should not

be paid out of the trust fund, but must be paid by the administrator in due course of administration.

3. INTEREST—*appeal by administrator from decree—when the estate is liable for interest.* Where an administrator, during the pendency of an appeal taken by him in good faith from a decree directing him to pay over certain money held by his intestate in trust, retains possession of the fund in his representative capacity, upon affirmance of the decree the estate is liable for legal interest on the sum to be paid, from the date of the decree.

4. SAME—*when administrator is personally liable for interest.* Where an administrator, during the pendency of an appeal from a decree directing him to pay over money, deposits the fund in a bank and receives interest thereon in his personal capacity, upon affirmance of the decree he is personally liable to the parties entitled to the fund for the amount of the interest so received.

5. EXECUTORS AND ADMINISTRATORS—*administrator is not entitled to commission on funds not part of intestate's assets.* An administrator is not entitled to a commission for handling a fund which a court of competent jurisdiction has determined was never a part of the assets of his intestate's estate.

*Haines* v. *Hay*, 67 Ill. App. 445, reversed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

By the will of Sarah M. Bennett, deceased, the sum of $10,000 was bequeathed to her executor, Samuel H. Treat, on the trust following, viz., the income to be paid to her son, Charles W. Bennett, during his natural life, and on his death the principal sum to be equally divided among his children. This will was not probated, but the trustee, in his lifetime, took charge of the moneys and property of the estate and undertook to carry out the trust. At his death one John S. Bradford became administrator of his estate. Thereupon the devisees under the will brought suit in equity against him as such administrator, alleging that said sum of $10,000 was trust money, and belonged to them, and not to the estate of Treat. The decree entered in that cause found the facts alleged in the bill to be true, and ordered the administrator to

pay over to Samuel Haines, who was appointed trustee, said trust fund, to be held and managed for the benefit of the devisees according to the provisions of the will of Sarah M. Bennett. The administrator prosecuted an appeal from that decree to the Appellate Court, pending which he died, and Charles E. Hay was appointed his successor, and he continued the prosecution of the appeal. The case was first taken to the Appellate Court and then to this court, where the decree of the circuit court was affirmed. (*Hay* v. *Bennett*, 153 Ill. 271.) Shortly after the final affirmance of the decree Hay paid over to the trustee $10,000, but the latter demanded in addition six per cent interest on that amount from the date of the decree of the circuit court, which being refused, he caused the case to be re-docketed, and filed a petition asking for a rule upon Hay, as administrator, to pay such interest, making as additional defendants thereto the Ridgely National Bank, William Ridgely and Charles Ridgely, who were, respectively, president and vice-president of said bank. An intervening petition was filed by Charles W. Bennett, *cestui que trust*, praying for substantially the same relief, except that he demanded that the interest be paid to himself, directly. An answer was filed by the respondents and evidence heard.

A decree was entered by the circuit court April 9, 1896, finding the facts substantially as stated; that Charles E. Hay, on February 17, 1892, received from Bradford, former administrator of the estate of Samuel H. Treat, the sum of $10,110.73; that he deposited this sum in a special account in the Ridgely National Bank, under an agreement by which he was to be paid interest at two per cent on his daily balances from May 1 to November 1, and at three per cent from November 1 to May 1 of each year; that against this account Hay gave checks in payment of the sum of $10,000, and also of the following items, viz.: Costs in the Appellate Court, $19.65; for printing abstracts and briefs, $29.00; for costs in the circuit court,

$43.15; and for costs in the Supreme Court, $18.05,—making a total of $109.85; that these items were all for expenses in the prior litigation; that after checking out these various items the balance left was eighty-eight cents; that from February 17, 1892, to October 31, 1894, in pursuance of its agreement, the bank paid interest on the deposit to the amount of $641.21, which was placed to the individual credit of Hay. The decree further finds that Hay should not be charged with interest on the fund in question except in so far as he has actually received profit from the trust fund; that he should be charged with the sum received from his predecessor, $10,110.73, and credited with his disbursements, $109.85, and the $10,000 paid to Haines, trustee, and that he should be further charged with $641.21, the interest actually received, and after being thus charged and credited the balance is found to be $642.09, which he is ordered to pay, with five per cent interest from December 1, 1894,—the date of affirmance of the original decree by the Supreme Court,—amounting, on the day this decree was entered, to $686.69, which is ordered to be paid over within ten days.

The trustee, plaintiff in error, assigns as error here, that the administrator was allowed credit for the items of expense above mentioned, aggregating $109.85, and was not charged with six per cent interest from the date of the entry of the original decree, June 26, 1891. The administrator assigns as cross-error the refusal of the court below to allow him a commission as administrator on the trust fund. The Appellate Court for the Third District having affirmed the decree of the circuit court, this writ of error is prosecuted, the same errors and cross-errors assigned in the Appellate Court being insisted upon here.

W. L. GROSS, and A. G. MURRAY, for plaintiffs in error.

CONKLING & GROUT, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The first error assigned is the allowance of a credit for the items of expense claimed by the administrator. These items were the costs in the circuit court, the costs in the Appellate and Supreme Courts, including the printing of briefs and abstracts, in the former litigation between the *cestuis que trust* and the administrator over the $10,000 trust fund. The allowance of these expenses was improper. In the first place, the decree of the circuit court, which was entered in that case on June 26, 1891, ordered Bradford, as administrator of the estate of Treat, to pay the costs in due course of administration. That was an adjudication as to the costs in the circuit court and settled by the affirmance of that decree on the former appeal. That decree was also an adjudication of the fact that the $10,000 did not belong to the estate of Samuel H. Treat. Had the *cestuis que trust* brought suit against Treat in his lifetime, on his declining to recognize his trust relation, the latter certainly would have been liable for costs, and on the same principle his estate must be held, the suit being against his personal representative. The order of the court was not that Bradford pay the costs out of the trust estate, but that he should pay them out of the estate of his intestate, in due course of administration. This litigation was not in the interest of the trust fund, but hostile to it, and no principle of equity will, as we conceive, permit the trust fund to be diminished to pay the expenses of such litigation. (*Meek v. Allison*, 67 Ill. 46.)

An equally strong equity exists against the allowance of the costs in the Appellate and Supreme Courts, and the charges for printing abstracts and briefs. The decree of the circuit court was a protection to the administrator against the claims of all parties to the suit. The appeal taken was manifestly deemed for the benefit and advantage of the estate, and the adverse decision must

169—7

carry with it the costs to be paid by the administrator in due course of administration. The administrator had no right to pay any of the above items out of funds which in no sense were the property of his intestate in his lifetime, and which it was expressly held in the original action did not pass to his administrator as assets of his estate. The administrator represented the estate, and as such he had a right to make such defense as he thought its interests demanded, and the estate is liable for all costs so incurred, and not the party or estate against whom the defense was unsuccessfully made. The principles of the case of *Sherman* v. *Leman*, 137 Ill. 94, are applicable and sustain this view.

The next question that arises is, what are the liabilities of the administrator or estate as to interest or profit on the trust fund, after it was ordered by the decree of the circuit court, on June 26, 1891, to be paid over to Haines? That decree was in the nature of a judgment, and ordered Bradford, as administrator of Samuel H. Treat, to pay to Haines, as trustee, the sum of $10,000. We see no reason why this sum should not draw interest at the legal rate from the day the order was entered, the same as any other decree or judgment. When the order was entered it was the duty of Bradford to comply with it, unless the interest of the Treat estate fairly justified an appeal. There is nothing to show that he did not take the appeal in good faith. The money seems to have remained in his hands as administrator, and not individually, pending the litigation. He is not, therefore, personally liable, but we see no reason why the estate wrongfully withholding the money should not pay interest thereon. The same is true as to Hay after the money came into his hands. To the extent, however, that he individually realized profit from the funds, and to the extent that he wrongfully paid out part thereof, he is personally liable, and in his representative capacity he is liable for the legal rate of interest, as above stated, to

be paid in due course of administration out of the intestate's estate,—and such should have been the order of the circuit court. Less than this would fail to do justice between the parties. (*Knapp* v. *Marshall*, 56 Ill. 362.) To hold that in this case the administrator might take an appeal from the order directing him to pay over the trust fund, without being liable, either personally or in his representative capacity, for anything except the profits actually realized from the money, would be establishing a harsh rule, and one which would often work great hardship. In this case it would justify a temporary perversion of the trust fund. It does not very clearly appear whether the estate has any assets out of which such interest can be collected, but that question cannot, as seems to be thought, affect our decision as to its legal liability.

The cross-error is not well taken. The administrator can have no commissions out of a fund which was not assets of the estate upon which he administered, and which the estate, after the entry of the order of the circuit court, had no right to the custody or control of. This trust fund cannot thus be diminished. The claim of an administrator for commissions must be paid out of the estate. The correct view of the order or decree entered June 26, 1891, is not that it was an allowance of a sixth-class claim against the estate, but was an adjudication of the fact that the estate of Treat held $10,000 which was a trust fund and belonged to the *cestuis que trust,* and in no sense assets of the estate.

The rate of interest should be the legal rate at the time the order to pay was entered. The statute in force July 1, 1891, fixing the legal rate of interest at five per cent, must control. *Firemen's Fund Ins. Co.* v. *Western Refrigerating Co.* 162 Ill. 322.

We do not think the evidence in the case would have justified any charge against the defendants the Ridgely National Bank, William Ridgely and Charles Ridgely, either on account of the deposits in the bank or the ap-

peal bonds filed. The only order that can be properly entered in this proceeding will be a direction to the custodian of the fund, Charles E. Hay, as administrator, to pay in due course of administration, or against him personally, to the extent that the law so charges him, as above indicated.

It follows from what has been said, the judgment of the Appellate Court, and the decree of the circuit court of April 9, 1896, are erroneous, and must be reversed. The decree below is reversed, and the cause will be remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*