NATHANIEL THAYER *et al. vs.* EDITH H. FAIRCHILD *et als.*

NEWPORT—DECEMBER 23, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1)  *Wills.  Deposits.  Assets of Estate.*

On construction of clause of will:—

*Held,* that direction that "principal of his deposit shall be paid to his executor or administrator, and. go to his heirs," was a gift to the heirs of the son to whom the income of the deposit was given for life, and the direction that the deposit should be paid to the executors was only for convenience of distribution.  The effect was to give the fund to the executors, not as assets of the estate, but in trust to distribute to the heirs. Hence, as the respondent A. took the deposit, by purchase under the will of B. under the designation of heir of C., and not by descent as heir at law of C., the deposit never became part of the estate of C. and was not liable for his debts or to contribute towards the expense of administering his estate.

(2)  *Title to Real Estate Outside of State.*

The court will decline to adjudicate upon the title to real estate situated out of this State.

(3)  *Advise as to Law of Foreign Jurisdiction.*

The court will not advise as to the powers or duties of parties under the laws of a foreign jurisdiction.

PETITION for an opinion.

(1)    PER CURIAM.  We think that the direction in the will of John P. Cushing, that "the principal of his deposit shall be paid to his executor or administrator and go to his heirs," is a gift to the heirs of the son to whom the income of the deposit is given for life; and the direction that the deposit shall be paid to the executors is only for convenience of distribution. The effect is to give the fund to the executors, not as assets of the estate, but in trust to distribute to the heirs.  In this case the executors of Thomas F. Cushing have taken the deposit as mere custodians, and it is their duty to deliver it to his sole heiress, Edith H. Fairchild.  As the respondent Edith H. Fairchild takes the deposit by purchase under the will of John P. Cushing, under the designation of heir of Thomas F. Cush-

ing, and not by descent as heir at law of Thomas F. Cushing, the deposit never became part of the estate of Thomas F. Cushing, and is not liable for his debts or to contribute towards the expense of administering his estate. For the same reason it is not subject to the provisions of his will.

(2)   It has been the uniform practice of this court to decline to adjudicate upon the titles to real estate situated out of this State. *Clarkson* v. *Pell,* 17 R. I. 646. *Webster* v. *Wiggin,* 19 R. I. 73, 90.

(3)   We cannot advise the complainants as to their powers or duty under the laws of Massachusetts, which control the administration of their trust so far as it applies to real estate in Boston.

*Samuel R. Honey,* for complainants.
*Charles H. Koehne, Jr.,* for Edith H. Fairchild.