CARRIE M. FISCHER *et al. v.* SARAH M. SHEIDLEY.

No. 15,310.   (97 Pac. 800.)

SYLLABUS BY THE COURT.

ADMINISTRATORS—*Trustee of Proceeds of a Judgment—Assignment—Revivor.* Where a plaintiff sues upon a note, having the legal title thereto but no beneficial interest therein, and upon the death of the real owner executes an assignment of the cause of action to his legatee, and thereafter such plaintiff dies and the action is revived and prosecuted to judgment in the name of his administrator, no revivor being had in the name of his assignee, the proceeds of such judgment when collected by the administrator do not become a part of the assets of the estate, but are held by him in trust for such assignee.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed October 10, 1908. Affirmed.

*Winfield Freeman,* for plaintiff in error Carrie M. Fischer.

*W. L. Stocking,* and *O. L. Miller,* for defendant in error; *Miller, Buchan & Miller,* of counsel.

The opinion of the court was delivered by

MASON, J.: For present purposes these assertions of the defendant in error may be taken to be the established facts of this case, inasmuch as there was evidence to support them and the finding of the trial court was general: George Sheidley owned a note given by a corporation, which as a matter of convenience he assigned to David E. Gurney for collection, Gurney having no beneficial interest in it. Judgments thereon were taken in the name of Gurney against the corporation and some of its stockholders. Sheidley died testate, making his sister, Sarah M. Sheidley, his legatee. Gurney thereupon assigned the judgments to her. Gurney then died and the judgments were revived in the name of his administrator, W. L. Wood, who col-

lected thereon $6325. Sarah Sheidley asked the probate court to order this money to be paid to her. Carrie M. Fischer, the legatee of Gurney's legatee, also made a claim to the fund, and the probate court decided in her favor. Miss Sheidley appealed to the district court, which reversed this decision and awarded the money to her.

Miss Fischer prosecutes error, joining the administrator as a coplaintiff in error. She relies largely upon *Reynolds v Quaely,* 18 Kan. 361, where it was said that when a plaintiff assigns his cause of action before judgment, and then dies, a revivor should be had, not in the name of his administrator, but of his assignee. But the question of what may be the proper practice in such a situation is not here involved. Although the administrator could not have been required to prosecute the action in which the interest of his decedent had ceased, and although it may have been error to permit him to do so, his services in that connection have now been performed; he has already obtained the judgments and realized upon them. The question now is, How shall he be deemed to hold the proceeds of the note—as a part of the estate of a man who had not the slightest real title to it or in trust for the successor in interest of its actual owner? The mere statement of the question furnishes the necessary answer. The trial court rightly preferred substance to shadow and directed the money to be paid to the only person having a meritorious claim to it.

The judgment is affirmed.