[No. 28204. Department Two. March 7, 1941.]

*In the Matter of the Estate of* REESE B. BROWN, *Deceased.*

WILMON TUCKER, *as Administrator, Appellant,* v. GUARANTY TRUST COMPANY, *as Administrator, Respondent.*[1]

[1] Reported in 110 P. (2d) 867.

*Allen, Froude & Hilen* and *Rummens & Griffin,* for appellant.

*Cheney & Hutcheson* and *Walter J. Robinson, Jr.,* for respondent.

JEFFERS, J.—This is an appeal by Wilmon Tucker, as administrator with the will annexed of the estate of Sarah E. Smith, deceased, from an order of the superior court for Yakima county, Honorable Arthur McGuire, Judge, sitting in probate, authorizing and

directing Guaranty Trust Company, as administrator *de bonis non* with the will annexed of the estate of Reese B. Brown, deceased, upon its own request for such an order, to actively participate in the litigation and accounting in the case of Tucker v. Brown, being cause No. 27543 of the superior court for Yakima county.

The matter came on for hearing before the court on the petition of Guaranty Trust Company, as such administrator, at which hearing counsel for Mr. Tucker, administrator with the will annexed of the estate of Sarah E. Smith, were present and objected to the order entered. After a hearing and the filing of briefs by respective counsel, the court entered an order, the material provisions of which are as follows:

"It is hereby ordered, adjudged and decreed that the petitioner Guaranty Trust Company, a corporation, as administrator *de bonis non* with the will annexed of the estate of Reese B. Brown, deceased, shall actively participate in the litigation and accounting in the cause entitled 'Wilmon Tucker as administrator with the will annexed of the estate of Sarah E. Smith, deceased, vs. Sadie R. Brown, et al,' being cause No. 27543 of the superior court of the state of Washington for Yakima county . . .

"It is further ordered that in order to comply with the above mentioned order, said Guaranty Trust Company . . . is hereby authorized and empowered to employ attorneys and to incur any and all reasonably necessary expenses for witnesses, traveling expenses, stenographic services, subpoenas, depositions and any other expense that may be necessary to properly perform the above and foregoing order.

"It is further ordered that subject to the future determination of the reasonableness and propriety of such attorney's fees, costs and expenses, that all of such attorney's fees, costs and expenses shall be an *expense of administration* of the property now or hereafter coming into the possession or under the control of

such administrator, and the *administrator* shall be reimbursed from such property, *regardless of whether or not said property is hereafter determined to be the property of the estate of Reese B. Brown or trust property of Wilmon Tucker as administrator with the will annexed of the estate of Sarah E. Smith, deceased.*" (Italics ours.)

The above order was entered on August 5, 1940, and this appeal followed.

In the case of *Tucker v. Brown,* 199 Wash. 320, 92 P. (2d) 221, Wilmon Tucker, as administrator of the Sarah E. Smith estate, brought a suit in equity against Sadie R. Brown, Guaranty Trust Company, as administrator, and others, for the purpose of establishing that part or all of the property passing to respondent, as administrator *de bonis non* with the will annexed of the estate of Reese B. Brown, was impressed with a trust in favor of Sarah E. Smith. In that case, we decided that, during his lifetime, Reese B. Brown had received an unascertained amount of property from Sarah E. Smith; that this property was held by Brown in trust for Sarah E. Smith; and that such property had not been received by Brown as a gift. The case was remanded to the lower court for further proceedings.

Acting in accordance with its understanding of the remittitur, the lower court, on September 13, 1939, entered an interlocutory decree and judgment upon the remittitur, which provides as follows:

"That in 1929 and 1930 Reese B. Brown received from Sarah E. Smith, as trustee for her under the express trust substantially all of the property then owned by her (a partial list of which is set forth in paragraph 4 hereof) and that during the life of Sarah E. Smith said property received by Reese B. Brown as trustee was not returned to said Sarah E. Smith and no accounting of said trust was made to her, and no accounting has been made by Reese B. Brown or by the administratrix, administrator, executrix or administrator

de bonis non with the will annexed, of his estate since the death of said Sarah E. Smith. . . .

"That an accounting between the parties hereto with respect of all of the property owned by said Sarah E. Smith and received by said defendants or any of them, or by said Reese B. Brown, be had at a trial in this cause at such time as the matter may be regularly assigned for trial by the above entitled court. At said trial the evidence heretofore introduced in this action shall be considered and may be supplemented by such evidence as the parties hereto shall produce. The nature and extent of plaintiff's claim against the defendants and the property in their possession because of the fact that said trust property has not been fully accounted for and returned to the plaintiff, shall be determined at the trial to be had as herein provided."

Two assignments of error are made:   (1) That the court erred in assuming jurisdiction as a probate court over the trust property of appellant.   (2) That the court erred in ordering that the attorney's fees and expenses of respondent in defending or participating in the accounting in Tucker v. Brown be paid out of trust property of appellant.

Much of the activities of the parties involved in this proceeding, prior to the application for the order entered herein, are set out in the briefs, particularly the acts of Wilmon Tucker, as administrator with the will annexed of the estate of Sarah E. Smith, deceased. We do not deem it necessary to a decision of the questions raised herein to discuss such activities, other than as set forth in this opinion.

Respondent many times in its brief states that it has not yet been determined what, if any, of the property now held by respondent is trust property of appellant, and that, therefore, the basis of appellant's contentions being wrong, his conclusions based thereon are wrong. Admitting, as we do, that it has not yet been determined what, if any, of the property now held by re-

spondent is trust property of appellant, yet the order made by the trial court recognizes that some or all of the property above referred to may be determined to be trust property of appellant, and much of the argument of respondent, to the effect that if this order is not upheld, respondent may be forced to pay from its own funds the expenses of participating in this accounting, is certainly based upon the assumption that the property now in its possession may be determined to be trust property; otherwise, respondent would not have been concerned with having the order provide for payment other than from the assets of the Reese B. Brown estate.

One of appellant's contentions is that the heirs of Reese B. Brown (Mrs. Brown and her son Fred) have disclaimed all interest in and to any of the property involved herein; that appellant has agreed that the few creditors of the Reese B. Brown estate will be paid proportionately with appellant, regardless of the outcome of the case of Tucker v. Brown; and that, therefore, there is no necessity for any defense on the part of respondent in the accounting proceedings. Whether the heirs of Reese B. Brown, deceased, or the creditors of the Brown estate, have or have not disclaimed any interest in the accounting proceedings, we deem immaterial to the question here involved.

Appellant contends that the court erred in assuming jurisdiction as a probate court over the trust property of appellant. It is not claimed that the lower court did not have jurisdiction of the parties. However, appellant contends that such property as may be eventually determined to be trust property cannot be considered as assets subject to administration, as part of the estate of Reese B. Brown, and that, therefore, in so far as the order purported to affect the ultimate disposition of these trust funds, it was made without

jurisdiction, because the probate court is limited to an *in rem* jurisdiction over matters which may properly be administered as part of the estate.

Granting that funds which Reese B. Brown held as trustee are not subject to administration as part of his estate, it does not follow that the order appealed from was made without jurisdiction.

In the recent case of *Golden v. McGill,* 3 Wn. (2d) 708, 102 P. (2d) 219, we very exhaustively discussed the jurisdiction of a superior court sitting in probate, and therein reviewed many of our former decisions. In the cited case, we quoted from *Bayer v. Bayer,* 83 Wash. 430, 145 Pac. 433, as follows:

" 'Under the constitution, the superior court is a court of general jurisdiction. It has jurisdiction of equity cases, actions at law, and proceedings in probate. . . . It has also been held that a court sitting in probate may settle issues and try a case as any other civil cause. *Filley v. Murphy,* 30 Wash. 1, 70 Pac. 107; *Sloan v. West,* 63 Wash. 623, 116 Pac. 272. The constitution does not make the superior courts probate courts. On the contrary, it makes them courts of general jurisdiction including "all matters of probate." ' "

We have often stated that "jurisdiction is the power to hear and determine." *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650. We have also distinguished between the correctness of an order entered and the jurisdiction of the court to make it. *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 Pac. 644.

We are of the opinion that respondent, as administrator, was entitled to an instruction on the question of whether or not it should actively participate in the accounting proceedings, and we are further of the opinion that the superior court was authorized and had jurisdiction to consider this question, even though it was sitting as a probate court. The court had jurisdic-

tion of the parties and of the property, either as a court of equity or a probate court. Whether or not the court made a correct order, does not affect its jurisdiction.

The question we shall now discuss is whether or not the court committed error in entering that part of the order relative to property which may be determined to be trust property. Again to state appellant's position, it is that such funds as may be finally determined to be trust property cannot be used by respondent to pay its expenses incurred in participating in the accounting of the trust to appellant, in the latter's action to recover the trust property.

Respondent, however, very earnestly urges that, as adminstrator *de bonis non* with the will annexed of the Reese B. Brown estate, it is an officer of the court, and is bound, in behalf of the Brown heirs and creditors of the Brown estate, to defend against the claims of appellant, in order that the estate may have the benefit of any and all *bona fide* defenses. Since it is possible that in the outcome of Tucker v. Brown, now pending before the superior court for Yakima county, a trust will be impressed upon all the property now held by respondent as administrator, respondent asks for this order so that it may participate in the accounting without risking its personal fortune on the outcome.

Respondent is serving in a dual capacity. It is administrator *de bonis non* with the will annexed of the estate of Reese B. Brown, and as such is bound to serve loyally the heirs of Reese B. Brown and the creditors of the Brown estate. For any proper service which it renders in its capacity as such administrator, it is entitled to be reimbursed from the estate it is administering. Respondent is also successor trustee of the Smith-Brown trust, and, acting in this capacity, it is obligated to faithfully serve and protect the inter-

ests of its *cestui,* and is entitled to be paid from the trust estate for any proper service rendered.

It seems to us that the interests of the *cestui que trust* are, and have been at all times, diametrically opposed to the interests of the heirs and creditors of the Reese B. Brown estate. Each group is claiming and has claimed the whole fund, to the exclusion of the other. It is impossible for respondent to faithfully and fairly represent both interests at the same time.

We do not understand that respondent is here seeking instruction in any other capacity than that of administrator, and we therefore have no occasion to pass upon, and are not herein passing upon, the right of respondent, as a trustee, to reimbursement from the trust funds, for the expense of the accounting, or any other claimed expense.

It should be kept in mind that it has not yet been established what, if any, specific assets held by respondent are trust assets, other than as covered by a stipulation of the parties. Because of the fact that the order appealed from adjudicates the right of respondent to expend even those assets which may be finally determined to be appellant's trust funds, we shall necessarily discuss this matter as if all or a part of these funds held by respondent have been actually established as belonging to the trust estate. It is therefore apparent that what we say here will affect only such funds as are ultimately adjudged to be trust funds. If on the accounting there is a failure to establish the trust character of the property, then of course reimbursement to the administrator for its expenses will not depend upon the issues here involved.

We are of the opinion that the rule is so well established as to need no citation of authority, that the debts of a decedent, the legacies and devises, and the expenses of administration can be charged only against

the assets belonging to the estate being administered.
The statute does not require property or money to be inventoried, unless it belongs to the estate. A trust fund is not a part of a decedent trustee's estate. 21 Am. Jur. 483, § 202; *In re Belt's Estate,* 29 Wash. 535, 70 Pac. 74, 92 Am. St. 916.

In *Lew You Ying v. Kay,* 174 Wash. 83, 24 P. (2d) 596, we quoted from *In re Belt's Estate, supra:*

" 'Where a person dies possessed of trust funds, such funds do not, by reason of the death of the trustee, become liable for the debts of his estate. The relation of the *cestui que trust* is not changed. The property still belongs to him. While the administrator is no doubt entitled to the possession of the trust funds, he is liable to account therefor to his principal either in his individual or representative capacity. . . . He is not bound to proceed in the execution of the trust, but must preserve the fund for those entitled thereto.' "

In *Haines v. Hay,* 169 Ill. 93, 48 N. E. 218, the court stated:

"The first error assigned is the allowance of a credit for the items of expense claimed by the administrator. These items were the costs in the circuit court, the costs in the Appellate and Supreme Courts, including the printing of briefs and abstracts, in the former litigation between the *cestuis que trust* and the administrator over the $10,000 trust fund. The allowance of these expenses was improper. . . . Had the *cestuis que trust* brought suit against Treat in his lifetime, on his declining to recognize his trust relation, the latter certainly would have been liable for costs and on the same principle his estate must be held, the suit being against his personal representative. . . . This litigation was not in the interest of the trust fund, but hostile to it, and no principle of equity will, as we conceive, permit the trust fund to be diminished to pay the expenses of such litigation. . . .

"The administrator represented the estate, and as such he had a right to make such defense as he thought its interests demanded, and the estate is liable for all

costs so incurred, and not the party or estate against whom the defense was unsuccessfully made."

See, also, *Fischer v. Sheidley*, 78 Kan. 610, 97 Pac. 800; *Meagher v. Kimball*, 200 Mass. 32, 107 N. E. 431; *Thayer v. Fairchild*, 25 R. I. 509, 56 Atl. 773; *In re Curtis' Estate*, 109 Vt. 44, 192 Atl. 13.

In no sense can the expenses asked for herein be treated as proper expenses to be incurred by respondent as a trustee in administering the trust for the benefit of the *cestui que trust*. The acts for which respondent seeks reimbursement are those of an administrator seeking to protect the interests of the estate, and any expense thus incurred would be an expense of administration, properly chargeable against the estate for whose benefit the services were rendered, but would not be a proper charge against the trust property. *Billings v. Warren*, 216 Ill. 281, 74 N. E. 1050; *Haines v. Hay*, 169 Ill. 93, 48 N. E. 218; *Laughlin's Executrix v. Boughner*, 27 Ky. L. 19, 84 S. W. 300; *Hancock v. Fidelity Mutual Life Ins. Co.*, 53 S. W. (Tenn. Ch.) 181.

We do not understand that it is seriously contended that the law as to trust property is or should be otherwise than as above stated. But respondent argues that, where a claimant seeks to impress a trust upon all the assets in the hands of an administrator, then the rule should be varied so as to charge the fund with the expenses of defense, even though the fund so charged be ultimately determined to be trust property, rather than property of the estate. It is argued by respondent that if the court were to decide otherwise, the administrator in the instant case either must risk its personal fortune in defense of such claims, or else, having allowed the claim to be established by default, be personally liable for breach of duty to the heirs of decedent and creditors of his estate. Respondent further argues that the ad-

ministrator, being an officer of the court, should not be placed in this position.

In support of this argument, respondent relies mainly upon the case of *In re Brown,* 6 Wn. (2d) 215, 101 P. (2d) 1003. At the time the order appealed from in this action was made and entered, the guardianship matter above referred to was still pending in this court, upon a petition for rehearing *En Banc.* Before such petition had been disposed of by this court, all controversies involved in that appeal were fully settled by the joint acts of all the parties concerned. The foregoing situation having been called to the attention of this court, we dismissed the appeal because the question had become moot. *In re Brown,* 6 Wn. (2d) 231, 107 P. (2d) 1104. The earlier *Brown* case is therefore no longer authoritative; it is merely an expression of the opinion, at that time, of the judges who signed it. However, we may state that, in our opinion, an entirely different situation was presented in *In re Brown,* 6 Wn. (2d) 215, *supra,* than is presented in the instant case.

Respondent's authorities to the effect that an administrator who acts in good faith is entitled to reimbursement from the estate, do not, in our opinion, support the contention that such an administrator can be reimbursed from funds not belonging to the estate.

The fact that there may be no funds belonging to the estate of Reese B. Brown, from which the expenses of respondent may be paid, does not change the right of such administrator, in so far as trust funds in its possession are concerned. *Bolmer v. United States Fidelity & Guaranty Co.,* 11 Fed. Supp. 560.

We are unable to see that any particular burden is placed on respondent herein. If respondent is not personally sufficiently interested to justify its defending against the trust claims at the risk of its own funds, and

it is unable to secure the cooperation of those who are interested, then, to avoid any possible surcharge for future breach of duty to the beneficiaries of the estate for failure to defend their interests, respondent can protect itself by resigning and requiring the court to discharge it of its duties as such administrator. Those who are parties in interest may then, if they so desire, secure the appointment of themselves or some other person or corporation to participate in this accounting.

Questions other than those specifically discussed in this opinion are raised by counsel in their briefs. We have considered those questions and the authorities cited to sustain them, but do not deem any discussion of them necessary to a decision herein, other than as they may have been considered in connection with the main question involved.

In so far as the order appealed from permits reimbursement of respondent, as administrator, from property which may hereafter be determined to be trust property of appellant, the order must be, and is, reversed. Appellant will recover costs herein.

ROBINSON, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.