[No. 3219. Decided July 7, 1899.]

## J. I. CASE THRESHING MACHINE COMPANY, *Appellant,* v. DANIEL SIRES *et al., Respondents.*

JUDGMENTS—DISCHARGE OF INSOLVENT—COLLATERAL ATTACK.

The decree of a court of competent jurisdiction discharging a petitioner in insolvency proceedings cannot be set aside by a court of concurrent jurisdiction nor collaterally attacked in an action by a creditor upon a promissory note which was due prior to the institution of insolvency proceedings and had been presented to the assignee of the insolvent estate.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*E. H. Belden,* for appellant.

*James Hopkins,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This was an action brought by the appellant on a promissory note. The complaint was the ordinary one in such cases. The separate answers of the defendants were to the effect that they had instituted insolvent proceedings under the insolvency statutes and had received a discharge by the court from all their debts and liabilities which existed at the date of the assignment, and a copy of the decree was made a part of the answers. It was also alleged in the answers that the cause of action set forth in the plaintiff's complaint was due and owing to the plaintiff before the defendants filed their deeds of assignment, that the said debt was proved against the estate, and that the proof of said claim was filed with the assignee of the defendants. A demurrer was interposed to the several answers, which demurrer was overruled, and the plaintiff replied. The defendants interposed de-

murrers to the reply, which were sustained by the court. The appellant failing and refusing to amend, respondents moved for judgment on the pleadings, which motion was sustained. Judgment was entered for costs, from which judgment this appeal is taken.

It is contended by the appellant that the reply raised an issue of fact, which should have been tried by the court; but an examination of the reply shows conclusively that, while certain facts set forth in the answers were in a manner denied, it was not really the facts that were denied, but it was the legality of the decree which was challenged by the reply; the allegation being that, at the time the debt was contracted, the law in force in this state with reference to the discharge of insolvent debtors of their debts and liabilities required that such insolvent debtors pay at least fifty per cent. of the amount of their indebtedness before an order discharging them from liability be made; that the defendants in this case did not pay fifty cents on a dollar, or any part thereof; and that therefore the decree was of no force or effect. It is admitted by all the pleadings that the cause of action set forth in the plaintiff's complaint was due and owing to plaintiff before the defendants filed their deed of assignment, and that such claim was presented to the assignee. The deed of assignment, outside of these admissions, relates the fact that due notice had been given to the creditors, and that all the requirements of the statute had been met by the petitioners. The decree was by a court of competent jurisdiction and, under all the authorities, it is not competent for a court of concurrent jurisdiction to set such decree aside. This decree was not appealed from, and, as between the parties whose rights were litigated under that judgment, that case is without doubt *res adjudicata,* and the judgment cannot be attacked in a collateral proceeding.

This law is so universally settled that we deem it unnecessary to cite authorities to sustain it.

The judgment of the lower court will be affirmed.

GORDON, C. J., and FULLERTON, ANDERS and REAVIS, JJ., concur.