DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON

[No. 4013.  Decided September 16, 1902.]

GEORGE E. FILLEY, *Respondent*, v. JOHN MILLER MUR-
PHY, *Appellant*.

JURISDICTION — PETITION FILED IN PROBATE — RIGHT TO TREAT AS
CIVIL PROCEEDING.

Where a citation to a former administrator has been issued in
probate, and he appears and demurs to the petition upon which it
is based, on the ground that it raises an issue as to the title and
right of possession of property, the demurrer should be overruled,
inasmuch as the court has jurisdiction under the code procedure
to treat the petition as in the nature of a complaint in a civil pro-
ceeding, and to settle the issues thereunder by proper trial.

SAME — RIGHT TO JURY TRIAL.

Where the pleadings in a case filed in probate raise the issue
as to the right of possession of real and personal property, a jury
trial is demandable, under Bal. Code, § 4967, which provides that
an issue of fact in an action for the recovery of specific real or
personal property shall be tried by a jury, unless a jury be
waived.

ESTOPPEL — ADMINISTRATOR'S INDIVIDUAL PROPERTY INCLUDED IN IN-
VENTORY.

The fact that an administrator, by mistake or in ignorance of
legal rights, included his own property in an inventory of the

estate would not estop him from subsequently asserting his own-
ership.

Appeal from Superior Court, Thurston County.—Hon.
OLIVER V. LINN, Judge.    Reversed.

*George C. Israel,* for appellant.

*J. W. Robinson* and *W. I. Agnew,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is an appeal from a final order and
judgment of the court upon a citation issued against ap-
pellant.    The record shows that upon the petition of cer-
tain heirs at law of Eliza J. Murphy, deceased, the re-
spondent, George E. Filley, was appointed administrator
of the estate of said deceased to succeed the appellant.
Appellant had theretofore been the acting and qualified
administrator, but, owing to the withdrawal of one of his
sureties from his bond as administrator, and the failure of
appellant to file a new or additional bond within the sta-
tutory time, a vacancy occurred, which was filled as afore-
said.    After the appointment of respondent, Filley, he
demanded of appellant that he turn over to him all books
of account, papers, credits, moneys, and personal property
belonging to said estate relating to the Washington Stand-
ard newspaper and job printing office, and also demanded
possession of what is known as the "opera house," together
with all the property belonging to said estate used in con-
nection with said opera house on Fourth street in Olympia,
Washington, and all moneys which had come into appel-
lant's hands as the party in possession of said opera
house since October 26, 1896.    The demand was made in
writing, and to the demand appellant made written an-
swer, in substance as follows: That the said opera house
was then, and always had been, in his possession, not as

administrator of said estate, but that said building was
erected upon real estate one-half of which was his separ-
ate property, and that one-half of the expense of the erec-
tion of the building was paid by him from his separate
funds; that the other half of said property belonged to the
community consisting of himself and the deceased, who
was his wife; that his possession and occupancy was that
of a tenant in common with said estate, and that he had
made report to the court of such possession, and was ready
and willing to account at any time for one-half of the net
earnings of the opera house since his removal as admin-
istrator; that said estate had not then, and never had, any
interest in the Washington Standard printing plant and
paper, or in any of the personal property connected there-
with, the same having been his separate property, and be-
ing then owned by himself and sons as partners. Other
property was mentioned in the said demand and answer,
but no controversy exists in reference thereto, and the
same need not be mentioned here. Upon receipt by re-
spondent, Filley, of the aforesaid written answer of ap-
pellant, said Filley, as administrator, applied to the court
for a citation requiring appellant to appear before the
court and give a full account under oath of all property
belonging to said estate in his possession, and that he be
required to turn over the same to said administrator.
Thereupon a citation was issued. The petition upon
which the citation was issued contained as exhibits, and as
a part thereof, copies of the aforesaid written demand and
answer thereto, and appellant, appearing on the return
day of the citation, demurred to the petition, and moved
the court to dismiss the same, and quash the citation, for
the alleged reason that it is apparent from the face of the
petition and exhibits therein set forth that the court has
no jurisdiction in this proceeding of the subject matter or

of the appellant for the purpose of trying title or right of
possession to said property.   The demurrer was overruled.
Thereupon appellant answered the petition, in which he
set forth the facts upon which he bases his claim of sep-
arate ownership in the newspaper property above men-
tioned, and also in the one-half of the opera house prop-
erty.   The administrator, by reply, denied the material
averments of appellant's said answer, thus putting in issue
the question of title and the facts upon which appellant
claims the right of possession to the property demanded.
The reply further alleged that appellant, when he was
administrator, had caused all of said property to be in-
ventoried as the property of said community, and that he
is now estopped from claiming any portion thereof as his
separate property.   Upon the completion of the issues as
above stated, the court announced that the issues thereby
made were ready for trial.   Whereupon appellant ob-
jected to the court trying the issues, for the reason that by
the same the title to the property, both real and personal,
must be determined upon the trial, and that the court, act-
ing in probate, is without jurisdiction, and moved the
court to transfer the same to the civil department for trial.
The objection and motion were overruled.   Thereupon ap-
pellant, in writing, demanded a jury trial of the said is-
sues of separate ownership and right of possession, which
was also denied.   The court thereupon proceeded to try
the issues involved without a jury, and thereafter entered
judgment to the effect that the appellant is estopped to
now assert a claim of ownership in any portion of said
property as against the demand of his successor, and that
he shall turn over to said administrator said opera house
property and the undivided one-third interest in and to
the Washington Standard news and job printing office,
together with $243 cash, shown to have been collected from

said property since his removal as administrator, and also
all papers, title deeds, and accounts in his hands relating
to all of said property.    From said judgment this appeal
was taken.

It is assigned as error that the court overruled the
appellant's demurrer to the petition for citation.    This
assignment is based upon the theory that the petition
showed upon its face that the title and right of possession
to certain property were involved, and that the court sit-
ting in a probate proceeding could not hear it.    If the de-
murrer had been interposed to the petition before the is-
suance of the citation, the question would then have been
presented whether, under the facts stated, relief by way
of citation could be had; but, in any event, we think the
court might have proceeded to settle issues under the peti-
tion for trial.    In this state we have no probate court,
properly speaking, as distinguished from the court that
entertains jurisdiction of other matters.    The court of
general jurisdiction also hears and determines probate
matters.    Matters pertaining to probate are referred to
what is called "probate procedure," as distinguished from
what is denominated "civil" or "criminal procedure."    But
when the court, sitting in a probate proceeding, discovers
in a petition the statement of facts which forms the basis
of a controversy, we see no reason why it may not settle
the issues thereunder when an appearance has been made
thereto, and then proceed to try it in a proper manner, as
any other civil cause.    The court may require the proceed-
ing to be separately docketed, if, when the issues are
formed, it appears to be such as should be thus docketed.
Whether a citation should have issued on the strength of
this petition or not, it is nevertheless true that appellant
responded to the citation, and appeared generally by de-
murrer to the petition, and asked its dismissal simply on

the ground that the court could not hear it as a probate proceeding. We think it was not necessary to sustain the demurrer and dismiss the proceeding on that ground. But under our liberal practice as to the form of actions the petition could be treated as in the nature of a complaint. The issues could be framed thereunder, and the cause tried without requiring another statement of the same facts under some other form or name. If it developed that it was not properly a probate proceeding, it would not be treated as such. We think the court did not err in overruling the demurrer and in refusing to dismiss the petition.

It is assigned as error that the court refused to grant appellant a jury trial of the issues made by the pleadings. It is manifest that the averments and denials found in the pleadings squarely raise the issue as to the ownership of both real and personal property, and incidentally the right of possession to the same property is also involved. Section 4967, Bal. Code, provides as follows:

"An issue of fact, in an action for the recovery of money only, or of specific real or personal property, shall be tried by a jury, unless a jury is waived, as provided by law, or a reference ordered, as provided by statute relating to referees."

From the above statute there seems to be no escape from the position that in a proceeding for the recovery of specific real or personal property the issues of fact shall be tried by a jury. *In re Gorkow's Estate,* 28 Wash. 65 (68 Pac. 174), it was sought to recover specific personal property by a proceeding filed in the probate case pending for the settlement of the estate. We held that the issue must be tried by a jury. It is true the estate made no claim to the fund there sought, and the controversy was wholly between outside parties as to the right of possession to a por-

tion of a certain legacy, but we do not see that any distinction should be made in the application of the statutory principle when an estate itself happens to be one of the claimants for possession. *In re Alfstad's Estate,* 27 Wash. 175 (67 Pac. 593), this court held that the court in a probate proceeding to settle the accounts of the administrator and distribute the estate had not jurisdiction to determine the claim of the administrator to one-half of the estate as a partner of the deceased. The court, in its judgment in the case at bar, says it has inquired into the facts "incidentally for the purpose of determining the right of possession, and not for the purpose of determining the title." Under the statute above quoted it seems that the right of possession is the very thing to be tried by a jury, and we do not see, under the issues, how the questions of title and right of possession are to be separated. We understand it to have been the theory of the trial court that this should not be treated as an action or proceeding to recover specific property, but rather as a proceeding to require appellant, as the former administrator, to discharge a duty as such by way of turning over certain property of the estate. The issue is made, however, that it is not the property of the estate, and it never was. The court held the appellant estopped in this proceeding to claim ownership and right of possession as against his successor on the ground that the property was once included in an inventory, and it seems to have been the court's view that appellant must now yield possession, and may then institute an action of his own to recover it back, in which the issues here involved may be tried. We do not think it follows that appellant is estopped merely because the property may once have been included in an inventory. It is quite possible for property to be erroneously included in an inventory by one acting under pure mistake of facts or in

ignorance of legal rights.    Such conditions in no way
change the fact of the real ownership, and incidentally do
not affect the right of possession attached to such owner-
ship.    It would seem unnecessary to require a present
yielding of possession to that which is now squarely in issue
before the court to be immediately followed by some other
proceeding to recover it back under the same issues now
tendered.

The authorities cited by respondent on the subject of
estoppel do not seem to deal with an administrator who
claims ownership in the disputed property himself, the
actual possession of which was not changed by the admin-
istration; but rather with cases where the property origi-
nally came into the administrator's hands as estate prop-
erty, and to which he asserted no prior ownership.  Bige-
low on Estoppel (5th ed.), page 554, is cited by respond-
ent.    In the discussion of cited cases the author observes:

"The court remarked that it might be that a trustee
would not be estopped from setting up his own title by the
acceptance of a trust in ignorance of his title, or through
mistake, when he had done no act which it would be prej-
udicial to the beneficiaries for him to gainsay.    And so
perhaps a trustee, notified of an adverse claim, would not
be required to surrender the assets until that claim was
settled.    But these principles did not touch the point in
the present case.    The administrator did not pretend to
have any right to the cotton, or that anybody else was
claiming it.    The case was an open and undisguised at-
tempt by a trustee to avail himself of his trust to make a
personal profit out of an implied defect in the title to the
property which had come into his hands.    It was to the
credit of the law, the court strongly observed, that it did
not tolerate such a thing."

Thus, it appears the principle is recognized that a trus-
tee is not estopped from setting up his own title by the ac-

ceptance of a trust in ignorance of his own title or through mistake.    We think appellant is entitled to have the issues of fact here involved determined by a jury.

The case is therefore reversed, and the cause remanded, with instructions to grant a jury trial.

REAVIS, C. J., and FULLERTON, ANDERS, WHITE, DUNBAR and MOUNT, JJ.., concur.