[No. 4014. Decided September 17, 1902.]

*In the Matter of the Estate of* ELIZA J. MURPHY, *Deceased:* JOHN MILLER MURPHY, *Appellant.*

| 30 | 9 |
| e30 | 55 |
| 30 | 9 |
| 39 | 214 |

DECEDENT'S ESTATE — ALLOWANCE FOR FAMILY SUPPORT — NUNC PRO TUNC ORDER.

Upon the hearing of objections made to an *ex parte* allowance for the support of minor children, it is within the power of the court to make a *nunc pro tunc* order covering the same items included in the original order, where there has been due notice given of such subsequent hearing, and the items are proper ones for allowance under the law.

SAME — RIGHT OF FATHER TO ALLOWANCE.

Under Bal. Code, § 6220, which provides that upon the death of the husband the court shall set apart for the use of the widow and minor children all the property of the estate exempt from execution, and, if this is insufficient for the support of the widow and minor children, the court shall make such further reasonable allowance out of the estate as may be necessary for the maintenance of the family during the settlement of the estate, a surviving husband is as much entitled to an allowance for the maintenance of minor children as the widow would be:

SAME — FUNERAL EXPENSES OF MINOR CHILD.

Physician's charges and funeral expenses incurred for the benefit of minor children are properly allowable as a part of the family allowance.

SAME — FUNERAL AND MEDICAL EXPENSES OF ADULT CHILD — WHEN ALLOWABLE OUT OF ESTATE.

Where the expenses of an adult child's last sickness and funer-

al have been paid by a father from his personal funds, he is entitled to reimbursement from such child's distributive share of its mother's estate, prior to any disposition thereof other than application toward the debts of the estate.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Reversed.

*George C. Israel,* for appellant.

*J. W. Robinson* and *W. I. Agnew,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is an appeal from a refusal of the superior court to make certain allowances upon the hearing of the. final account of an administrator. Appellant had formerly been administrator for an estate consisting in large part, if not as a whole, of community property, which belonged to himself and his deceased wife at the time of her death. He was succeeded as administrator by another, and this controversy arises over the settlement of certain items in connection with appellant's final account. At the time of the wife's death certain minor children of the marriage were living with the parents as members of the family, and these children continued to reside with the father after the mother's death. The mother died November 3, 1895, and in May, 1897, on the application of appellant showing that as the surviving husband of the deceased and as father of the minor children he had maintained the household and paid family expense since the death of his wife, and that the sum of $50 per month had been so expended by him for that purpose, it was ordered by the Honorable Charles H. Ayer; the then judge of said court, that said sum should be allowed as a family allowance, aggregating in all the sum of $850. This controversy now arises under objections to said allowance. The

objections are based upon the alleged grounds that the court was without authority, by statute or otherwise, to make such order; that the order was *ex parte,* made without notice, and contrary to law.   That the order was made without notice appears to be true, but at the hearing of these objections, which was after due notice, it was insisted by appellant that a *nunc pro tunc* order should be made covering the same items included in the former order.   Such an order would have been proper if the items were proper ones for allowance under the law.   The court, however, declined to make the order, on the ground that there is no authority in law to make such an allowance to a family upon the death of the mother.   The statute upon the subject of family allowance is found in § 6220, Bal. Code, and is as follows:

"In the case of the appointment of an executor or administrator upon the death of the husband, as mentioned in the last preceding section, the court shall, without cost to the widow, minor child or children, set apart, for the use of such widow, minor child or children, all the property of the estate by law exempt from execution; if the amount thus exempt be insufficient for the support of the widow and minor child or children the court shall make such further reasonable allowance out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate."

It will be observed that the only conditions literally stated by the statute as the basis of such allowance are the death of the husband, and the existence of a widow or minor child or children, or both.   It is argued that the statute authorizes such an allowance only upon the death of the husband and father, and that in case of the death of the wife and mother no such allowance can be made.   A literal reading of the statute seems to warrant the conten-

tion.   It should, however, be considered that one of the
purposes of the statute is to provide for minor children
during the settlement of the estate, and, if this right is
denied when the estate is being administered because of
the death of the mother, minor children may thus be de-
prived of a substantial means of existence.   The above
statute was passed in 1854, when property was held by
separate ownership, and when the husband held under his
control his entire estate, without administration, after
the death of his wife.   There existed no necessity for an
allowance in favor of the husband, since the estate was in
his hands and could be used for the benefit of minor chil-
dren.   Upon the death of the husband, however, the wife
succeeded to a dower interest only, and such an allowance
became a necessity to her for the immediate support of
herself and children.   Upon the adoption of our commu-
nity property law conditions were materially changed.
The community estate must pass into the hands of the
administrator upon the death of either spouse.   More fre-
quently than otherwise, the community property is all
that is possessed by either one, and in such case, when the
administrator takes charge upon the death of a wife, if no
allowance can be made in favor of the family, the children
are thus deprived of the protection which was intended by
the statute.   The welfare of the minor children being the
thing in view, we think this statute must be construed in
connection with the later community property laws in
such a way as will secure to minor children the protection
originally intended.   We therefore hold that the power
exists to make an allowance in favor of the family for the
benefit of minor children upon the death of the wife
and mother, and the necessary expense of maintaining
the household for their benefit "according to their circum-
stances" is a proper allowance under the statute.   We think

the family entitled to the benefit of the statute consists of the father and minor children only, and that other persons who may be living as members of the family are not included therein. The statute does not seem to be susceptible of any other construction, since minor children only are mentioned. This rule may seem to be a harsh one in some instances, as in the case at bar, where adult and invalid daughters were living as members of the family; but the statute extends the favor of such an allowance to minor, and not to adult, children. We think the court should now enter a *nunc pro tunc* order allowing as much of the sum covered by the original allowance as is included in the interpretation given to the statute by this opinion.

It is further assigned that the court erred in refusing to allow certain items paid by appellant as physician's charges and funeral expenses on account of the last illness and death of his daughters, who lived with him in his family during their illness and at the time of their death. Such of these items as were reasonably expended for the benefit of minor children, and which accrued during minority, should be allowed as a part of the family allowance. The other items, under the circumstances, are proper charges, respectively against the distributive shares of the estate coming to the adult children, but subject to the debts of the estate. Those children have no estate from which the items can be paid until the present estate is settled and their distributive shares are ready to be apportioned. The court should see that appellant is paid the amount of these items from such distributive shares, if there be such, at the final settlement of the estate. This is proper because of the nature of the expenditures, being such as are first charges against the respective estates of the children for whom they are made; and, since they were advanced by appellant at a time when humanity demanded

it, we think he should be reimbursed before the distributive shares are otherwise distributed.

The judgment is reversed, and the cause remanded, with instructions to the lower court to proceed in accordance with this opinion.

REAVIS, C. J., FULLERTON, WHITE, MOUNT, ANDERS and DUNBAR, JJ., concur.