[No. 12207. Department One. January 8, 1915.]

JOHN A. BAYER et al., *Appellants*, v. MARTHA E. BAYER et al., *Respondents*.[1]

EXECUTORS AND ADMINISTRATORS — NONINTERVENTION WILL — DISTRIBUTION OF ESTATE — JUDGMENT — CONCLUSIVENESS. Under Const., art. 6, § 4, giving the superior courts general jurisdiction, including all matters of probate, and Rem. & Bal. Code, § 1444, providing that estates under nonintervention wills "may be managed and settled without the intervention of the court" (subject to supervision by the court if the trust is not faithfully performed), without denying the right of the executor of such a will to go into court to have it construed, the superior court has jurisdiction to entertain an application by the executor for an order of distribution of the estate which was in effect a construction of the will and within its general jurisdiction, in view of a trustee's right to maintain an action for directions, and the power of the court to direct and control trusts.

SAME—JURISDICTION OF COURTS. An executor under a nonintervention will, under which it is not necessary to take out letters, is in fact a trustee and derives his powers from the will and not from the court.

CONSTITUTIONAL LAW—DUE PROCESS—NOTICE OF SERVICE—APPEARANCE. A decree of general distribution invoked by the executor of a nonintervention will, and entered in probate upon notice to a guardian ad litem conformably to the statute and to the order of court, to which the guardian personally appeared in the action, is upon due process of law and conclusive the same as any other judgment.

JUDGMENTS—CONCLUSIVENESS—COLLATERAL ATTACK. A judgment or decree of a court of competent jurisdiction cannot be set aside by a court of coordinate jurisdiction, the power to vacate judgments being entirely different from the power to reverse them; and the relief must be sought in the court where the judgment was entered.

[1]Reported in 145 Pac. 433.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered April 2, 1914, upon findings in favor of petitioner and plaintiff, in consolidated actions to vacate decrees of distribution and partition and for money had and received, tried to the court. Reversed.

*Reynolds, Ballinger & Hutson,* for appellants.

*James R. Chambers,* for respondents.

Gose, J.—In this case two actions were consolidated. The first was brought by petition in the superior court of Lincoln county. The object of the action was (a) to vacate a decree of distribution entered in the superior court of King county upon a nonintervention will, and (b) to vacate a decree of partition entered in the superior court of Lincoln county following the decree of distribution. A second action was brought in the same court to recover the value of a quantity of grain grown upon the land in controversy. Martha E. Bayer was the petitioner in the first action and the plaintiff in the second action. She recovered in both cases in the court below, and this appeal followed.

The salient facts are these: Frederick A. Bayer died testate in King county, where he then resided, on the 8th day of December, 1908. His will bore date December 2, 1908. He named Fred Eidemiller as executor of his will. In his will he declared, item 1, "that all real and personal property in my possession or standing in my name in the state of Washington is the community property of myself and of Martha E. Bayer, my wife; and that all property standing in my name in the state of Oregon is my separate property, subject, however, to my wife's dower rights as prescribed by the statutes of the state of Oregon;" item 2, "I do hereby confirm in my said wife her said community and dower interests aforesaid, and do direct that in the settlement of my estate her said community and dower interests be set apart to her. All the remainder and residue of the

property, both real and personal, in my possession or stand-
ing in my name at the time of my death, I hereby give, de-
vise, and bequeath to my brothers, John A. Bayer . . .
Samuel B. Bayer . . . and my sisters, Kate Bayer
. . . and Laura H. Eidemiller . . . it being my in-
tention that my said wife shall receive and retain her com-
munity and dower interests . . . all my estate remain-
ing after the setting apart of said interest of my wife, shall
be divided equally between my brothers and sisters afore-
said." The will directs that no bond shall be required of the
executor, and provides that the estate shall be settled by
the executor without recourse to any court except for the
purpose of proving the will, "hereby conferring upon said
executor full power and authority to settle and distribute
my said estate in accordance with this my will without inter-
ference from any court."

The will was proven and admitted to probate in the su-
perior court of King county on the 12th day of December,
1908. J. N. Dotson was appointed guardian of the person
and estate of Martha E. Bayer, then insane, in the superior
court of King county on the 31st day of December follow-
ing. Dotson, who is a brother of Mrs. Bayer, remained guar-
dian of her person and estate until the 28th day of July,
1913, at which time Mrs. Bayer was adjudged sane. On
January 6, 1909, an order was entered in the superior court
of King county, directing a publication of notice to credi-
tors. On the 20th day of January, 1909, a homestead was
set aside to Mrs. Bayer and an allowance was made for her
support upon the petition of her guardian, by an order duly
entered in the same court. On February 9, the executor filed
an inventory wherein all the property in controversy was
classified as community property. On February 26, the es-
tate was duly adjudged to be solvent. The order recites
"that said estate may be managed and settled without the
further intervention of this court." On April 23, an order
was entered adjudging that due notice had been given to

creditors. On June 30, the guardian filed a petition for an advance of $400 to be charged to the distributive share of the estate of his ward. The petition alleges that all the property of the deceased and Martha E. Bayer, both real and personal, was community property. On the same day an order was entered directing an advance of $400 to the widow. On October 23, the executor filed a petition for authority to lease all the real property of the estate for one year. The guardian united in the petition. An order was thereupon entered directing a lease of the property. On February 1, 1910, the executor filed his final account and petition for distribution of the estate, in which he described all the property of the estate, real and personal. The petition alleges that all the property, both real and personal, including the rents, issues, and profits of the real estate, is community property, and that the widow's distributive share of the estate is an undivided one-half. On March 8, after due and legal notice of the hearing had been given conformably to the statute and the order of the court, a decree of settlement and distribution was entered.

The decree adjudges that due notice was given of the time and place of settlement. It recites the appearance of the executor in person and by his attorneys, and the appearance of J. N. Dotson as guardian of the person and estate of Martha E. Bayer, in person and by his attorneys. It recites that the account contains "not only the condition of the account and of the separate estate of Frederick A. Bayer, deceased, but also of the estate of the community of Frederick A. Bayer, deceased, and Martha E. Bayer, his wife." It adjudged that the final account was true and correct except as to one item of $280.75, which it reduced to $40.75. The decree recites "that said estate consists wholly of the community property of decedent and his said wife." It described the property of the estate as it was described in the petition for distribution. It distributed the real property, an undivided one-half to the widow, "the same being in satisfaction

of her community interest in said property," the remaining undivided one-half to the brothers and sisters named in the will, in equal shares; that is, an undivided one-eighth to each thereof. It divided the personal property in the same proportions. There is nothing in the record which shows that any person at any time questioned the jurisdiction of the court to settle the estate.

The real property comprises two and one-half sections of land in Lincoln county. Nine hundred and sixty acres, which are referred to as "the big farm," are claimed by the widow to be community property. Section four she claims as her separate property, and the trial court found in harmony with this view. The trial court also found that the judgment of the superior court of King county is "absolutely void," and vacated it, and also vacated the decree entered in the partition proceedings in the superior court of Lincoln county, and divided the personal property on the same basis as the real estate; that is, on the theory that nine hundred and sixty acres were community property and section four was the separate property of the widow.

The crucial question is, Is the decree of distribution entered in the superior court of King county void? The constitution, art. 6, § 4, provides that the superior court shall have jurisdiction in all cases in equity, in certain cases at law, and in "all matters of probate." Rem. & Bal. Code, § 1444 (P. C. 409 § 283), provides that in nonintervention wills, where it appears to the court by the inventory filed and other proof that the estate is solvent, which fact may be established by an order of the court on the coming in of the inventory,

"It shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will, and to file a true inventory of all the property of such estate in the manner required by existing laws. And after the probate of such will and the filing of such inventory, all such estates may be managed and settled without the intervention of the court, if the said last will and testament shall so pro-

vide: But provided, that in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court for good cause shown, for a reasonable time."

This section further provides that, if the party named in the will shall fail to execute the trust faithfully, it shall be the duty of the court of the county wherein the estate is situated to cite the executor to appear before the court upon the petition of a creditor of the estate, or of any of the heirs, or of any person on behalf of any of the heirs. It further provides that, if upon such hearing it shall appear that the trust in the will is not faithfully discharged and that the parties interested or any of them have been or are about to be damaged thereby, letters testamentary or of administration shall be had, and that all other matters and proceedings shall be had and required as are now required in the administration of estates.

Under the constitution, the superior court is a court of general jurisdiction. It has jurisdiction of equity cases, actions at law, and proceedings in probate. It has been held that, under the statute to which reference has been made, the executor derives his powers, not from the court, but from the will, and that he is in fact a trustee. *State ex rel. Phinney v. Superior Court,* 21 Wash. 186, 57 Pac. 337. It has also been held that a court sitting in probate may settle issues and try a case as any other civil cause. *Filley v. Murphy,* 30 Wash. 1, 70 Pac. 107; *Sloan v. West,* 63 Wash. 623, 116 Pac. 272. The constitution does not make the superior courts probate courts. On the contrary, it makes them courts of general jurisdiction including "all matters of probate." As a court of general jurisdiction, it has the power to construe wills at the suit of proper parties. *Reformed Presbyterian Church v. McMillan,* 31 Wash. 643, 72 Pac. 502. A decree of distribution, entered upon notice of publication in harmony with the statute, Rem. & Bal. Code,

§§ 1499, 1500, and 1589 (P. C. 409 §§ 395, 397, 595), is upon due process of law and conclusive, the same as any other judgment. *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac. 1116, 135 Pac. 990; *Alaska Banking & Safe Deposit Co. v. Noyes,* 64 Wash. 672, 117 Pac. 492; *In re Bell's Estate,* 70 Wash. 498, 127 Pac. 100.

In the *Noyes* case, we said:

"The decree [of distribution] was in itself a construction of the will."

In *In re Bell's Estate,* we said:

"Probate matters in this state are referred to the superior court, a court of general jurisdiction, and its jurisdiction in probate may be submitted to in the same manner and is entitled to the same presumptions in its favor as its jurisdiction in any other class of cases."

In *State ex rel. Keasal v. Superior Court,* 76 Wash. 291, 136 Pac. 147, we said:

"When a superior court has presented to it through a petition, in any matter of probate, any issue touching the estate, it has jurisdiction both of the parties and of the subject-matter, and it deals with them not as a court of limited, but of general, jurisdiction. It may exercise all of its powers, legal or equitable, and may even invoke the aid of a jury to finally determine the controversy. The constitution has no more limited its powers in such cases than in others of which jurisdiction is conferred by the same constitutional provision."

In *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650, we said:

"Jurisdiction is the power to hear and determine. The superior court is a court of general jurisdiction. The court had jurisdiction of the estate, and one of the incidents of that jurisdiction was the power and duty to determine who shall take the estate. The relator was before the court, both in person and by counsel. Hence the court had jurisdiction of the parties."

A trustee may maintain a suit in equity for directions "as to the particular course which he ought to pursue," and if he follows directions, he will be released from responsibility. 3 Pomeroy, Equity Jurisprudence (3d ed.), §§ 1064, 1153, 1156.

In 18 Cyc. at page 208, it is said:

"It is always the right and frequently becomes the duty of an executor or administrator to apply to the courts for direction and guidance in the performance of the duties of his trust, and the courts have jurisdiction to direct and control his acts in the premises."

See, also, *In re Guye's Estate*, 63 Wash. 167, 114 Pac. 1041; *Clark v. Baker*, 76 Wash. 110, 135 Pac. 1025.

"A voluntary appearance" of a defendant is equivalent to a personal service of the summons upon him. Rem. & Bal. Code, § 238 (P. C. 81 § 169). In the case at bar, the guardian was given notice of the time and place of the hearing of the final account and the petition for the distribution of the estate conformably to the statute and to the order of the court, and he personally appeared in the action. In *In re Bell's Estate*, we said:

"The only purpose of notice in any case is to give an opportunity to be heard. They not only had notice, but appeared and asked for a continuance and afterwards stipulated for the hearing. We think that action must be held to constitute a general appearance to the petition, and that they were before the court for all purposes."

In that case one of the parties who appeared was the guardian *ad litem* of a minor heir. A nonintervention will was not involved in any of the above cases.

The judgment or decree of a court of competent jurisdiction cannot be set aside by a court of coordinate jurisdiction. *Case Threshing Machine Co. v. Sires*, 21 Wash. 322, 58 Pac. 209.

"The power to vacate judgments is an entirely different matter from the power to reverse judgments. It is a power

inherent in and to be exercised by the court which rendered the judgment, and to that court and no other the application to set aside the judgment should be made. As between courts of coordinate jurisdiction, such as two county courts or circuit courts of the same state, the rule is that neither has power to vacate or set aside a judgment rendered by the other which is not void upon its face; relief must be sought in the court where the judgment was entered." 1 Black, Judgments (2d ed.), § 297.

See, also, 17 Am. & Eng. Ency. Law (2d ed.), page 842; *Missouri Pac. R. Co. v. Lasca,* 79 Kan. 311, 99 Pac. 616, 21 L. R. A. (N. S.) 338.

The respondent, in support of her contention that the decree of distribution entered in the superior court of King county was without jurisdiction and hence void, has cited *In re Guye's Estate,* 63 Wash. 167, 114 Pac. 1041; *Fulmer v. Gable,* 73 Wash. 684, 132 Pac. 641; *State ex rel. Cox v. Superior Court,* 21 Wash. 575, 59 Pac. 483; *Clark v. Baker,* 76 Wash. 110, 135 Pac. 1025; *In re McDonald's Estate,* 29 Wash. 422, 69 Pac. 1111; *Moore v. Kirkman,* 19 Wash. 605, 54 Pac. 24; *English-McCaffery Logging Co. v. Clowe,* 29 Wash. 721, 70 Pac. 138; *Peck v. Peck,* 76 Wash. 548, 137 Pac. 137.

*Fulmer v. Gable* is not in point. In *State ex rel. Cox v. Superior Court,* it was held that a creditor of devisees under the will could not bring the executors of a nonintervention will into probate court upon a charge of mismanagement, under the provisions of the statute. In *In re McDonald's Estate,* it was held that an order of discharge of an executrix and a decree of distribution, where the executrix was acting under a nonintervention will, was without jurisdiction. The decision was *obiter,* however, as the executrix had ineffectually pleaded her discharge in the Federal court and had not appealed from an adverse judgment. In *Moore v. Kirkman,* it was held that notice given to creditors by the executors of a nonintervention will had no legal efficacy. In *English-McCaffery L. Co. v. Clowe,* all the property, both

real and personal, was devised and bequeathed to a daughter and a son of the testator in equal shares, by the terms of a nonintervention will. The daughter was named as the sole executrix. After the due probate of the will, the daughter conveyed all her right, title, and interest in the real estate in controversy to her brother and co-devisee, who later sold and conveyed the property to the defendants for a valuable consideration. After both deeds were filed for record, the executrix, under an order of court, sold the property to the plaintiff. The sale was confirmed. It was held that the judicial sale was ineffectual; that the title had theretofore passed from the estate to the defendant for a valuable consideration, and that the plaintiff "had full knowledge of all these facts and was a participant in their invalidity." In *Peck v. Peck*, it was held that an action will lie to quiet title where a nonintervention will is invoked as a muniment of title, the same as where the title is predicated upon any other instrument. In *In re Guye's Estate*, the executors named in the will accepted the trust, and thereafter took such steps as were necessary under the statute to establish their right to manage and settle the estate without the intervention of the court. After this had been done, the widow petitioned the court before whom probate proceedings were had for an allowance out of the estate, and sought to bring the executors before the court. It is true that we there said that the court was without jurisdiction. We also said:

"The statute authorizing such a will has been on the statute books since early territorial days, and has uniformly been construed to confer upon the executors of a will drawn pursuant to its provisions the right to execute the trust without interference on the part of the court,"

except upon the happening of some one or more of the contingencies expressed in the statute.

In each of the cases relied upon by the respondent, except *In re McDonald's Estate*, it was sought to require the executor or trustee named in the will to take specific action. The

statute itself provides, "Such estates *may be* managed and settled" without the intervention of the court. It does not provide that they *must* be managed by the executor without the intervention of the court. There is nothing in the statute which prevents an executor from invoking the jurisdiction of the superior court, whether it be called the equity or probate jurisdiction, if he deems it expedient to do so. He cannot be compelled to come into probate court at the suit of a third party, except upon the happening of some contingency expressed in the statute. In the case at bar, we have no doubt that the executor had a right under the peculiar provisions of the will to go into the superior court and have it construed. The fact that the proceeding was entitled in probate does not militate against this right. It will be presumed that the court sitting in probate entered the same order that it would have entered had the proceeding been brought upon the equity side of the court. Nine hundred and sixty acres of the real estate stood of record in the name of Frederick A. Bayer. Section four, which the respondent claims as her separate property, stood of record in the name of "Martha E. Bayer and husband." The executor believed that all of the estate was community property, and he had a right to go into court and have that fact determined by a court of competent jurisdiction, and when it was so determined, the guardian having appeared after due notice, the judgment was final and conclusive against an attack in a court of coordinate jurisdiction. The point we desire to emphasize is that there is a marked difference between a proceeding by a third party to require the executor of a nonintervention will to come into probate court, and a proceeding by the executor himself invoking the jurisdiction of such court. We think that, under the constitution and the statute, the judgment of the superior court of King county was not void, and it follows that it could not be vacated by a court of coordinate jurisdiction.

We do not understand that it is claimed that the respondent was wronged by the decree in the partition suit, if the decree of distribution is *res judicata*. The petition alleges that the guardian acted upon the advice of reputable counsel, and that he then believed that the property belonged to the community.

The judgment is reversed with directions to dismiss.

PARKER, MAIN, MOUNT, and MORRIS, JJ., concur.