[No. 13720. Department Two. February 17, 1917.]

WILLIAM DOBLE *et al.*, *Appellants*, v. THE STATE OF WASHINGTON, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—DISTRIBUTION—DECREE—CONCLUSIVENESS. Where property has been distributed by a final decree of distribution, the distributee cannot be sued as a trustee of the property by one claiming to be the rightful distributee.

JUDGMENTS — VACATION — JURISDICTION — COURTS OF COORDINATE JURISDICTION. Although Rem. Code, § 886, requires suits against the state to be brought in Thurston county, a decree of the superior court of Whitman county escheating an estate to the state of Washington cannot be attacked in a suit against the state brought in the superior court of Thurston county, which is a court of coordinate jurisdiction; and if error was made, it must be corrected in the court in which it was made, or by appeal.

TREATIES—CONSTRUCTION AND OPERATION—DESCENT OF REAL PROPERTY. The treaty between the United States and Great Britain, ratified July 28, 1900 (31 U. S. Stats., p. 1939, art. 1), providing that, on the death of any person holding real property within the territories of one of the contracting parties, where such property would pass to a citizen or subject of the other, then such citizen or subject shall be allowed a term of three years in which to sell the property, does not allow such citizen three years in which to appear in court in administration proceedings to settle the estate and escheat the property to the state of Washington.

SAME. Such treaty, further providing in article 3, that notice of the death of a citizen of either country without known heirs must

[1] Reported in 163 Pac. 37.

be given to the nearest consular agent, does not undertake to change the rule of descent or put subjects of either nation upon a different basis of inheritance than the laws of each nation provided for its own citizens.

Appeal from a judgment of the superior court for Thurston county, D. F. Wright, J., entered May 3, 1916, upon sustaining a demurrer to the complaint, dismissing an action to vacate a decree adjudging an escheatment of the property of a deceased person to the state. Affirmed.

*J. Henry Denning* (*Geo. K. Ford*, of counsel), for appellants.

*The Attorney General* and *L. L. Thompson, Assistant*, for respondent.

MOUNT, J.—This action was brought in the superior court of Thurston county to declare void a decree in probate in the superior court of Whitman county, which decree adjudged an escheatment of the property of Samuel Doble, deceased, to the state, and also to declare the state a trustee for the benefit of the plaintiffs. The state, through its *Attorney General*, appeared to the amended complaint, and filed a demurrer upon two grounds: First, that the court had no jurisdiction over the person of the defendant or of the subject-matter of the action; and second that the complaint did not state a cause of action. This demurrer was sustained, and the plaintiffs elected to stand upon the allegations of the complaint. The action was dismissed. This appeal is prosecuted from that order.

The allegations of the complaint are summarized by the appellants substantially as follows: That, on the 3d day of September, 1911, Samuel Doble, who was a native of England, and a resident of Whitman county, in this state, was the owner of, and in possession of, certain described real estate and personal property; that, on the date stated, Samuel Doble died in Whitman county, leaving the appellants as his next of kin and heirs at law; that his estate was duly ad-

ministered upon in the probate court of Whitman county, and that court, on the 17th day of May, 1913, made a finding that Samuel Doble died without heirs, and entered a decree whereby all the property belonging to the estate of Samuel Doble escheated to the State of Washington; that the appellants are the only surviving brother and sister of said Samuel Doble, deceased, and are citizens and residents of England, and subjects of the United Kingdom of Great Britain and Ireland, and entitled to the protection of the laws of the United States and of the State of Washington, and all treaties existing between the said United States of America and the United Kingdom of Great Britain and Ireland, and are entitled to the possession of all of the proceeds of said estate of Samuel Doble, deceased; that, until immediately prior to the filing of the complaint in this action, the appellants had no knowledge or information of the death of said Samuel Doble, the place of his death, or the fact that he left an estate to which the appellants are heirs; that the decree of escheatment in the matter of the estate of Samuel Doble, deceased, was wrongful and unlawful for the reason that said Samuel Doble did not die without heirs; that said decree of escheatment was wrongful and unlawful for the reason that said proceedings were had, and said decree entered, without any notice or information being given to any of the consular officers or other representatives of the United Kingdom of Great Britain and Ireland of the death of said Samuel Doble, or of said proceedings, as required by the provisions of article III of the treaty then and now existing between the United Kingdom of Great Britain and Ireland and the United States of America; that the failure to give such notice or information resulted in causing the appellants to be ignorant of the death of Samuel Doble, and of the said proceedings of escheatment, thereby depriving the appellants of the opportunity to appear in said proceedings in the probate court at any time; that said decree of escheatment was wrongfully and unlawfully entered, as against these appellants, for the

reason that it was made before the expiration of the three years from the death of Samuel Doble, deceased, all in violation of the rights of the appellants, as guaranteed by articles I and II of the treaty mentioned; that said decree of escheatment, as against the appellants, is in violation of the 14th amendment to the constitution of the United States, in that the appellants were deprived of their property without due process of law, because no notice of any kind was given to the appellants; that they had no opportunity, at any time, to be heard in said proceedings, or to assert their rights therein; that the said decree is wrongful and unlawful for the further reason that the appellants claim all the rights, privileges and benefits accorded to the citizens or subjects of the most favored nation, as provided by article V of said treaty, and in that behalf, the appellants allege that they are entitled to their rights as such, under the treaty existing between the United States of America and the Republic of Switzerland, proclaimed November 9, 1855, and particularly under and by virtue of article V of said treaty. Further, the appellants claim their rights under and by virtue of article XII of the treaty existing between the United States of America and the Republic of Colombia, proclaimed June 12, 1848, for the reason that, under and by virtue of said treaties between the United States of America and the republics of Switzerland and Colombia, it is provided that, in the absence of heirs, the property will be taken care of and preserved in the same manner as each country would preserve the property of a native, until the appellants should have time to take measures for possessing themselves of their inheritance; that all of the real and personal property described in the complaint has been, since said decree of escheatment, and now is, in the possession and under the control of the respondent state, and that the state has received certain rents, issues and profits from the said estate, the amount thereof being unknown to the appellants.

The treaty between the United States of America and the United Kingdom of Great.Britain and Ireland, made a part of the complaint, is as follows:

"Article I. Where, on the death of any person holding real property (or property not personal), within the territories of one of the Contracting Parties, such real property would, by the laws of the land, pass to a citizen or subject of the other, were he not disqualified by the laws of the country where such real property is situated, such citizen or subject shall be allowed a term of three years in which to sell the same, this term to be reasonably prolonged if circumstances render it necessary, and to withdraw the proceeds thereof, without restraint or interference, and exempt from any succession, probate or administrative duties or charges other than those which may be imposed in like cases upon the citizens or subjects of the country from which such proceeds may be drawn.

"Article II. The citizens or subjects of each of the Contracting Parties shall have full power to dispose of their personal property within the territories of the other, by testament, donation, or otherwise; and their heirs, legatees, and donees, being citizens or subjects of the other Contracting Party, whether resident or non-resident, shall succeed to their said personal property, and may take possession thereof either by themselves or by others acting for them, and dispose of the same at their pleasure, paying such duties only as the citizens or subjects of the country where the property lies shall be liable to pay in like cases.

"Article III. In case of the death of any citizen of the United States of America in the United Kingdom of Great Britain and Ireland, or of any subject of Her Britannic Majesty in the United States, without having in the country of his decease any known heirs or testamentary executors by him appointed, the competent local authorities shall at once inform the nearest consular officer of the Nation to which the deceased person belonged of the circumstance, in order that the necessary information may be immediately forwarded to persons interested.

"The said consular officer shall have the right to appear personally or by delegate in all proceedings on behalf of the absent heirs or creditors, until they are otherwise represented.

"Article IV.    The stipulations of the present Convention shall not be applicable to any of the Colonies or foreign possessions of Her Britannic Majesty unless notice to that effect shall have been given, on behalf of any such Colony or foreign possession by Her Britannic Majesty's Representative at Washington to the United States Secretary of State, within one year from the date of the exchange of the ratifications of the present Convention.

"It is understood that under the provisions of this Article, Her Majesty can in the same manner give notice of adhesion on behalf of any British Protectorate or sphere of influence, or on behalf of the Island of Cyprus, in virtue of the Convention of the 4th of June, 1878, between Great Britain and Turkey.

"The provisions of this Convention shall extend and apply to any territory or territories pertaining to or occupied and governed by the United States beyond the seas, only upon notice to that effect being given by the Representative of the United States at London, by direction of the treaty making power of the United States.

"Article V.    In all that concerns the right of disposing of every kind of property, real or personal, citizens or subjects of each of the High Contracting Parties shall in the Dominions of the other enjoy the rights which are or may be accorded to the citizens or subjects of the most favored nation.    .    .    ."

The other articles of the treaty have reference to when it shall take effect, and the method of termination and ratification.    This treaty was ratified July 28, 1900, and may be found in U. S. Statutes, vol. 31, p. 1939; 7 Fed. Stats., Ann. 615.

It will be noticed from this statement of the allegations of the complaint, which are admitted to be true for the purposes of the demurrer, that the estate of Samuel Doble, deceased, was administered upon by the superior court of the state of Washington for Whitman county, and that, on the 17th day of May, 1913, a decree of settlement and distribution and escheatment of said estate was made, the court finding that Samuel Doble left no heirs.    This action was begun in Thurs-

ton county on the 1st day of September, 1914. The superior court of Thurston county is a court or coordinate jurisdiction with the superior court of Whitman county. The appellants in this case are seeking to declare null and void, in the superior court of Thurston county, a decree of the superior court of Whitman county in the matter of the estate of Samuel Doble, deceased, and also to declare the state, by reason of the escheatment, a trustee of the property for the appellants. The appellants argue at length in their brief that the treaties referred to are the supreme law of the land, and that the statutes of this state in conflict therewith must give away to those treaties. The *Attorney General* concedes this point, and argues that the superior court of Thurston county has no jurisdiction over the subject-matter of the action. It is conceded that, under the laws of this state, the state can only be sued in Thurston county (Rem. Code, § 886); but this court has held that, where property is adjudged by a decree of the probate court to a person, such person cannot be sued as a trustee of the property.

In *Davis v. Seavey, ante* p. 57, 163 Pac. 35, we said:

"The theory that appellant is entitled to relief upon the ground that respondent holds the distributed property in trust for her to the extent of the bequest made to her in the alleged codicil is equally untenable. This question, in substance, was reviewed by us in *Krohn v. Hirsch*, 81 Wash. 222, 142 Pac. 647, where, in holding a trust did not arise in favor of such a claimant against the distributee under a decree of distribution, we said:

" 'To say that respondent now holds any part of this property in trust for Mattie Krohn is nothing more nor less than saying that the question of who was entitled to take the property left by James McCarthy was not correctly determined upon the merits by the superior court upon the distribution hearing, and that appellant Mattie Krohn should now be awarded a new trial upon that question more than one year after it has been solemnly adjudged against her and all the world, upon due notice. As between respondent and appellant Mattie Krohn, that was an adverse proceeding.

To us, it is inconceivable that a party can be considered as holding in trust for his adversary property which has been awarded to him as against his adversary by a judgment rendered upon due notice in a proceeding instituted and carried on for the very purpose of determining the claims of each as against the other, to the property involved, in the absence of fraud, or some fact extrinsic of the merits of the controversy in issue, such as would avoid such judgment.'

"We conclude that appellant cannot recover upon the trust theory."

We are also of the opinion that the trial court was right in sustaining the demurrer upon the ground that the superior court of Thurston county, being a court of coordinate jurisdiction with the superior court of Whitman county, did not have jurisdiction to set aside a decree of the superior court of Whitman county. This court has held that a decree of a probate court, distributing an estate, is binding upon the world until set aside in a direct proceeding, and cannot be attacked in a collateral proceeding except for fraud in its procuring, or want of jurisdiction appearing upon the face of the record. *In re Ostlund's Estate*, 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990; *Alaska Banking & Safe Deposit Co. v. Noyes*, 64 Wash. 672, 117 Pac. 492; *In re Bell's Estate*, 70 Wash. 498, 127 Pac. 100; *McDowell v. Beckman*, 72 Wash. 224, 130 Pac. 350; *Bayer v. Bayer*, 83 Wash. 430, 145 Pac. 433.

In the last-named case, we said, at page 437:

"The judgment or decree of a court of competent jurisdiction cannot be set aside by a court of coordinate jurisdiction. *Case Threshing Machine Co. v. Sires*, 21 Wash. 322, 58 Pac. 209.

" 'The power to vacate judgments is an entirely different matter from the power to reverse judgments. It is a power inherent in and to be exercised by the court which rendered the judgment, and to that court and no other the application to set aside the judgment should be made. As between courts of coordinate jurisdiction, such as two county courts or circuit courts of the same state, the rule is that neither has

power to vacate or set aside a judgment rendered by the other which is not void upon its face; relief must be sought in the court where the judgment was entered.' 1 Black, Judgments (2d ed.), § 297."

The appellants, in their brief, state that they do not seek to attack the jurisdiction of the probate court of Whitman county, nor do they object to the decree in the probate proceedings, except that the decree is one of distribution and escheatment of the property to the state upon the erroneous assumption that Samuel Doble died without heirs. They concede, therefore, that the superior court of Whitman county had jurisdiction of the estate, and to determine who were the heirs of Samuel Doble, deceased, and determined that Samuel Doble died without heirs. That was a part of the decree. If the superior court of Whitman county had jurisdiction to determine that fact, that determination is binding upon other superior courts of coordinate jurisdiction in this state. It will not do to say that one superior court may determine that another superior court of coordinate jurisdiction has determined facts wrongfully. The relief must be found and obtained in the court committing the error, if any error was committed.

It is insisted by the appellants that, under article I of the treaty hereinabove quoted, the appellants had three years in which to appear in that court. We think the treaty does not so provide. It simply provides that, on the death of any person holding real property within the territories of one of the contracting parties, where such real property, under the law of the land, would pass to a citizen or subject of the other, then such citizen or subject shall be allowed a term of three years in which to sell the property. As applied to this case, if the superior court of Whitman county had determined that Samuel Doble, deceased, was a citizen of England, and that the estate was the property of his brother and sisters, the appellants here, then these appellants have

three years thereafter to dispose of the property. That is the extent of the article.

The next article provides that the citizens of each of the contracting parties may dispose of their personal property, within the territories of the other, the same as citizens, and subject to the same laws as citizens.

Article III provides that, in case of the death of any citizen of the United Kingdom in the United States, without having known heirs, the local authorities shall at once inform the nearest consular officer of the nation to which the deceased belonged. If this article means that it was the duty of the executor of the estate of Samuel Doble, deceased, to take notice of the fact that he was a subject of Great Britain, and to notify the consular officers of Great Britain of his death, and no notice was given, then it may be held that the superior court of Whitman county did not have jurisdiction to enter an order of escheatment. This treaty clearly did not undertake to change the rule of descent in either country, or to put subjects of either nation upon a different basis of inheritance than the laws of each nation required of its own citizens; but even if it did, the remedy of these appellants is the same in any event, and must be sought in the superior court of Whitman county, and not in a court of coordinate jurisdiction of some other county. If the superior court of Whitman county has erred in finding that Samuel Doble died without heirs, and in making its decree of distribution, the error, if it may be corrected, must be corrected in that court or by appeal therefrom. Under the authorities hereinabove cited, the error may not be corrected in any other court. We are satisfied, therefore, that the trial court properly sustained the demurrer upon the ground that the superior court of Thurston county did not have jurisdiction of the subject-matter of the action.

For that reason, the judgment must be affirmed.

ELLIS, C. J., PARKER, HOLCOMB, and FULLERTON, JJ., concur.